**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------ X
UNITED STATES OF AMERICA,    :
    :
  -against-       :     Nos. 12 Cr. 691 (JFK)
    :
DEJVID MIRKOVIC,    :     **MEMORANDUM**
    :     **OPINION & ORDER**
          Defendant.  :
------------------------------ X

**JOHN F. KEENAN, United States District Judge:**

Before the court is a letter motion dated June 13, 2016, from nonparty Megan Slattery (Slattery), the ex-wife of Defendant Dejvid Mirkovic (Mirkovic), seeking leave from this Court to review the Government's memorandum of law filed under seal in opposition to Mirkovic's letter motion to reduce his sentence pending before this court.[1] Slattery's letter motion is denied.

Slattery filed a termination of parental rights proceeding in the Fifteenth Judicial Circuit, Palm Beach County, Florida, Case No. 2016DP000092. Trial is set in that matter for August 25 and 26, 2016. Slattery requests access to the Government's

---

[1] The general practice in this Circuit is to seek leave from the Court to intervene for the limited purpose of moving to modify the Protective Order. See, e.g., Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 114 (2d Cir. 2006); United States v. Amodeo (Amodeo I), 44 F.3d 141, 144 (2d Cir. 1995). The Court sees no reason on the record before it to deny Slattery leave to intervene for that limited purpose under Federal Rule of Civil Procedure 24(b), and it would exalt form over substance to require her formally to seek leave now, with the full complement of the parties' positions already before the Court.

opposition brief because she believes it is relevant to the termination of the parental rights proceeding. Slattery states that Mirkovic's release date is a material issue of fact in the termination of parental rights proceeding and at a May 19, 2016 advisory hearing proceeding, Mirkovic's attorney stated that it was his belief that Mirkovic may be released from prison in as soon as three years.

The Government opposes Slattery's motion on relevance grounds. Namely, the Government asserts that its opposition to Mirkovic's motion does not alter Mirkovic's release date specifically because the Government opposes any reduction to Mirkovic's sentence.

The Second Circuit follows a three-step balancing test to determine whether to grant access to an intervenor (or nonparty) seeking to review a sealed document. See United States v. Amodeo (Amodeo II), 71 F.3d 1044, 1048-51 (2d Cir. 1995). First, the Court determines whether the document at issue is a judicial document. Id. at 1049-50. If so, the document carries a common law presumption of access, and the Court must assign a weight to that presumption along "a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." Id. at 1049. Finally, the Court considers any competing factors that counterbalance the weight of the presumption, including inter

alia whether access would adversely affect law enforcement interests, privacy interests, and "how the person seeking access intends to use the information." Id. at 1050-51.

The Government's opposition brief is a judicial document submitted in connection with a motion to reduce a sentence of imprisonment. Modification of a sentence is an adjudication of a convicted defendant's rights and judicial documents associated with adjudication carry a strong presumption of public access. See id. at 1049-50. However, throughout the course of Mirkovic's case, the Court authorized the filing of certain documents under seal because public access to these documents could adversely affect law enforcement interests and the privacy of individuals named in the documents. These factors, plus Slattery's intended use of the documents, require that the Government's brief remain under seal.

As the Government points out, Slattery seeks access to the Government's opposition brief because the length of Mirkovic's sentence is a material fact in her termination proceeding. This Court, and not the Government, is the ultimate arbiter of Mirkovic's sentence. Accordingly, the details of the Government's position—beyond the fact that they oppose Mirkovic's motion—are of no consequence to Slattery in presenting to the Florida's Fifteenth Judicial District the length of Mirkovic's sentence. Accordingly, the interests in

maintaining the brief under seal outweigh Slattery's right to access a document irrelevant to the material fact she seeks to establish.

Slattery's motion seeking access to sealed documents is DENIED.

In a separate order, also filed today, the Court denied Mirkovic's motion to reduce his sentence. While the details of that decision are under seal, the Court sees no reason why the fact of that decision should be withheld from Slattery.

**SO ORDERED.**

Dated:     New York, New York
           August 2 , 2016

                                    John F. Keenan
                                    United States District Judge